JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MALIK AYALA,<br><br>Petitioner,<br><br>v.<br><br>PRESIDING JUDGE,<br><br>Respondent. | Case No. CV 16-5487 CJC (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses the action without prejudice: (a) as moot due to Petitioner's release from pretrial custody; and (b) for failure of a <u>pro se</u> litigant to update his address with the Court.

\* \* \*

This is a habeas action commenced by an inmate in local custody. In April 2016, Petitioner was charged with assault with a deadly weapon. He was also previously on probation for a related domestic violence conviction. In June 2016, the state court ordered that Petitioner remain in custody and be examined for mental competency issues. (Docket # 25 at 3.)

During his pretrial detention, Petitioner commenced this federal habeas action under 28 U.S.C. § 2254. (Docket # 1.) His federal action – filed before conviction or state appellate review – facially failed to state a cognizable claim for relief.

Magistrate Judge Wilner screened the petition and directed Petitioner to explain his claims in greater detail. (Docket # 4.) After reviewing Petitioner's response (Docket # 14), the Court directed the Los Angeles City Attorney (appearing in place of the California Attorney General because of Petitioner's pretrial detention) to inform the Court about the status of the pending criminal actions. (Docket # 18.) The City Attorney subsequently submitted a statement showing that Petitioner: had been found to be competent; entered a nolo contendere plea to the assault charge; and resolved his pending probation revocation actions in late August 2016. (Docket # 25.) The Court independently confirmed that Petitioner had been released from the Sheriff's custody following the conclusion of those proceedings. (Docket # 26.)

Judge Wilner then issued an order to show cause to Petitioner to determine whether the habeas case was moot and, if not, why Petitioner had not updated his mailing address with the Court following his release as required under Local Rule 41-6. (<u>Id.</u>) The Court served the order on Petitioner at the county jail, which was the address on the face of the petition and the only address listed on the electronic docket. However, the United States Postal Service returned that order to the Court as undeliverable with the notation "released" stamped on the outside of the mailing envelope. (Docket # 27.)

To date, Petitioner has not updated his address with the Court.

\* \* \*

1.  Habeas corpus is a civil action that allows an individual in custody to challenge his or her confinement. An inmate's release typically renders a habeas

1  action – which seeks the termination of custody – moot.  See, e.g., Bonneau v.
2  United States, 503 F. App'x 544 (9th Cir. 2013) (affirming dismissal of inmate's
3  petition; petitioner "fully served the custodial portion of the sentences he is
4  attacking at the time he filed his habeas petition[.]  Therefore, the district court
5  could not grant him any effective relief.") (citing Burnett v. Lampert, 432 F.3d
6  996, 999-1000 (9th Cir. 2005)); Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th
7  Cir. 1997) ("Because Munoz has been released from custody in the interim, we
8  dismiss this appeal as moot[.  W]e can no longer provide him the primary relief
9  sought in his habeas corpus petition.).

10  2.  Additionally, Rule 41(b) provides that if a plaintiff "fails to prosecute
11  or to comply with these rules or a court order, a defendant may move to dismiss the
12  action or any claim against it."  Dismissal also may be ordered by the Court
13  sua sponte.  Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).  Dismissal of a
14  civil action under Rule 41 may be appropriate to advance the public's interest in
15  the expeditious resolution of litigation, the court's need to manage its docket, and
16  to avoid the risk of prejudice to defendants.  Omstead v. Dell, Inc., 594 F. 3d 1081,
17  1084 (9th Cir. 2010).  Additionally, a court should consider the public policy
18  favoring disposition of cases on their merits and the availability of less drastic
19  alternatives in its evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

20  3.  Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and
> opposing parties apprised of such party's current address
> and telephone number[.] If mail directed by the Clerk to a
> pro se plaintiff's address of record is returned
> undelivered by the Postal Service, and if, within fifteen
> (15) days of the service date, such plaintiff fails to notify,
> in writing, the Court and opposing parties of said
> plaintiff's current address, the Court may dismiss the
> action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. <u>Carey</u>, 856 F.2d at 1440; <u>Hickman v. County of Butte</u>, 586 F. App'x 285 (9th Cir. 2014) (same).

4. In the present action, the Court concludes that Petitioner's release from jail makes this action moot. The Court confirmed – through the City Attorney's status report, a review of the Sheriff's online inmate database, and the return of mail from the jail – that Petitioner has been released from custody. That is the relief that Petitioner sought by his habeas action. Petitioner's habeas action is now moot, which ends this Court's jurisdiction over the matter. <u>Bonneau</u>, 503 F. App'x at 544; <u>Munoz</u>, 104 F.3d at 1097-98.

5. The Court also finds dismissal appropriate on the basis of Petitioner's failure to provide the Court with up-to-date contact information. As a result, the Court has no way of contacting Petitioner. The Court's recent order was returned as undeliverable. This demonstrates that Petitioner has no interest in advancing the action here.

6. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon his case by failing to update this Court with his current whereabouts, thereby preventing any feasible advancement of the case. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Furthermore, because Plaintiff is a <u>pro se</u> litigant who did not abide by the Court's initial order, no sanction short of dismissal will be effective in moving this case forward. <u>Carey</u>, 856 F.2d at 1440.

4

     Accordingly, for the above reasons, this action is DISMISSED without prejudice as moot and because the Petitioner failed to update his address with the Court as required by Rule 41(b) and Local Rule 41-6.

     IT IS SO ORDERED.

Dated: October 17, 2016          _____
                                      HON. CORMAC J. CARNEY
                                      UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE